**Thomas ROBILLARD, Appellant,**

v.

**LOCAL 10 SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, a labor body organized and conducting business in the State of Minnesota, Respondent.**

No. C9–84–488.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Mark A. Munger, MacDonald, Munger & Downs, Duluth, for appellant.

William D. Watters, Steven W. Schneider, Halverson, Watters, Bye, Downs & Maki, Ltd., Duluth, for respondent.

Considered and decided by LANSING, P.J., and WOZNIAK, and FORSBERG, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This appeal raises the jurisdictional question of whether the National Labor Relations Act preempts a state court action. Thomas Robillard appeals from a judgment denying damages for the union's refusal to reinstate him to full membership after a period of withdrawal from membership. Robillard contends that the state courts have subject matter jurisdiction to hear this case, that he is entitled to damages flowing from the union's refusal to reinstate him, and that the trial court erred in finding that his failure to tender the requisite reinstatement fee and materials bars his claim. We find that the state court lacks subject matter jurisdiction because the action is preempted by the National Labor Relations Act and, accordingly, the trial court's order is vacated.

## FACTS

Thomas Robillard is a member of the International Association of Sheet Metal Workers, Local 10. He was laid off by his employer in March 1982 and requested and received a withdrawal card authorized by the union constitution. In April 1983 his former employer contacted him and offered him a position. Robillard claims he spoke with several union officials to obtain reinstatement to full membership, but they told him that he would not be reinstated because the union was involved in contract negotiations. Robillard did not tender his

withdrawal card, reinstatement fee, or application as required by the union constitution, and the union took no formal action on his request. He was not rehired by the employer.

Robillard brings this action for a declaratory judgment and damages for breach of fiduciary duty. He seeks recovery of lost wages and unemployment compensation benefits.

Prior to trial, the union moved to dismiss for lack of subject matter jurisdiction. The court found the facts substantially identical to those in *International Association of Machinists v. Gonzales*, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958), and denied the motion. After a court trial, judgment was entered in favor of the defendant union. The trial judge found that Robillard was not entitled to relief because he had not tendered his reinstatement fee, withdrawal card, and application for reinstatement as required by the union constitution.

## ISSUE

Is an action brought in state court for lost wages and unemployment benefits preempted by the National Labor Relations Act?

## ANALYSIS

In enacting the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151 et seq., Congress deliberately placed the responsibility for applying and developing federal labor law in the hands of the National Labor Relations Board rather than the federal judicial system. *See Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 288, 91 S.Ct. 1909, 1918, 29 L.Ed.2d 473 (1971). Congress sought to "achieve *uniform* as well as *effective* enforcement of the national labor policy." *Local 926, International Union of Operating Engineers v. Jones*, 460 U.S. 669, 103 S.Ct. 1453, 1461, 75 L.Ed.2d 368 (1983) (emphasis in original). Thus, when an activity is *arguably* subject to the Act, state as well as federal courts must defer to the exclusive competence of the National Labor

Relations Board. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959).

There is a recognized exception to this broad preemption doctrine. When the conduct in question is an internal union issue and only a "peripheral concern" of the NLRA, the states retain their powers to regulate or sanction. *See Garmon*, 359 U.S. at 243, 79 S.Ct. at 778; *Gonzales*, 356 U.S. at 621, 78 S.Ct. at 925.

In *Gonzales*, the Court upheld a state court's award of damages against a union that breached its contract with Gonzales, a union member. Gonzales had been expelled by the union in violation of his contractual rights and sought restoration of membership and damages. The Court, explaining that restoration of membership was an internal union affair not within the purview of the NLRB, held that the state court, because it had jurisdiction to order restoration, could fill out this remedy by awarding consequential damages. *See id.* at 621, 78 S.Ct. at 925.

In later cases, the Court has limited the scope of *Gonzales*. A state court's jurisdiction will be precluded under the broad preemption doctrine unless the case involves *purely internal union matters*.

In *Local 100 of the United Association of Journeymen v. Borden*, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963), a plumbers union member moved to a different state anticipating a job on a particular construction project for which hiring was done through union referral. The new local refused his referral because of union rules prohibiting members from obtaining jobs directly. *See id.* at 691, 83 S.Ct. at 1424. He sued under state law for damages, alleging that the union had violated its obligation not to discriminate unfairly or deny him the right to work. *See id.* at 692, 83 S.Ct. at 1424. The court held that the case did not fall within the *Gonzales* exception:

The *Gonzales* decision, it is evident, turned on the Court's conclusion that the lawsuit was focused on purely internal

union matters, i.e., on relations between the individual plaintiff and the union not having to do directly with matters of employment, *and that the principal relief sought was restoration of union membership rights*. In this posture, collateral relief in the form of consequential damages for loss of employment was not to be denied.

* * * [I]t is clear in any event that the present case does not come within the Gonzales rationale. The suit involved here was focused principally, if not entirely, on the union's actions with respect to Borden's efforts to obtain employment. *No specific equitable relief was sought directed to Borden's status in the union, and thus there was no state remedy to "fill out" by permitting the award of consequential damages.* The "crux" of the action * * * concerned Borden's employment relations and involved conduct arguably subject to the Board's jurisdiction.

*Id.* at 697, 83 S.Ct. at 1427 (emphasis added) (citation deleted).

In *Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971), the court again examined a situation where the plaintiff sought reinstatement and damages flowing from the union's breach of contract. The court held that the state action was preempted when the cause of action turned on the construction of the union security clause in the collective bargaining agreement and where the claim for damages was based solely on the union's actions in procuring plaintiff's discharge from employment:

It cannot plausibly be argued, in any meaningful sense, that Lockridge's lawsuit "was focused on purely internal union matters." Although nothing said in *Garmon* necessarily suggests that States cannot regulate the general conditions which unions may impose on their membership, it surely makes crystal clear that *Gonzales* does not stand for the proposition that resolution of any union-member conflict is within state

competence so long as one of the remedies provided is restoration of union membership.

403 U.S. at 296–97, 91 S.Ct. at 1922–23.

In the present case, if the union's refusal to reinstate Robillard violates internal union rules, it is clearly "arguable" that the union violated § 8(b)(2) of the NLRA, 29 U.S.C. § 158(b)(2), by causing the employer to discriminate against Robillard. *See e.g. Local 100 of the United Association of Journeymen v. Borden*, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963). Section 8(b)(2) makes it an unfair labor practice for a union

to cause or attempt to cause an employer * * * to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership.

29 U.S.C. § 158(b)(2).

The gravamen of Robillard's complaint is the damages claim. He seeks an order for future reinstatement to full union membership (whenever he chooses to apply) with no evidence that he has been or will be denied reinstatement. His claim for restoration appears to be only a "hook" on which to hang state court jurisdiction in order to justify the damages remedy. It cannot be said that his claim legitimately falls within the *Gonzales* "peripheral concern" exception to the preemption doctrine.

### DECISION

Appellant's action against his union requesting damages for lost employment opportunities because of the union's refusal to reinstate him does not come within the "peripheral concern" exception to the preemption doctrine. Therefore, the action is preempted by the National Labor Relations Act, and the trial court's order is vacated.